No. 25-761

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————————

NICHOLAS ROLOVICH,

Plaintiff-Appellant

v.

WASHINGTON STATE UNIVERSITY, *et al.*,

Defendants-Appellees

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

————————————

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE SUPPORTING
APPELLANT

————————————

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Deputy Assistant Attorney General

ANDREW G. BRANIFF
  Acting Chief
  Appellate Section
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................... 1

INTEREST OF THE UNITED STATES ................................................. 2

STATEMENT OF THE ISSUE .............................................................. 3

STATEMENT OF THE CASE ................................................................ 3

    A.   Statutory Background ................................................................ 3

    B.   Factual Background .................................................................. 4

    C.   Procedural Background ............................................................. 8

STANDARD OF REVIEW .................................................................... 9

ARGUMENT

    I.   The district court erred in holding that the record fails
        to include evidence based on which a reasonable fact
        finder could conclude that Rolovich had a sincere
        religious basis for seeking a religious exemption. ................. 10

CONCLUSION ...................................................................................... 20

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**CASES:** **PAGE**

*Bazinet v. Beth Isr. Lahey Health, Inc.,*
    113 F.4th 9 (1st Cir. 2024) ................................................. 13

*Bolden-Hardge v. Office of Cal. State Controller,*
    63 F.4th 1215 (9th Cir. 2023)........................................ 11-12

*Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682 (2014) ......... 12, 14, 19

*Callahan v. Woods,* 658 F.2d 679 (9th Cir. 1981) .................................... 12

*DeVore v. University of Ky. Bd. of Trs.,*
    118 F.4th 839 (6th Cir. 2024), *cert. denied*, No. 24-931,
    2025 WL 1020384 (U.S. Apr. 7, 2025)...................................... 13-14

*Fisher v. Department of Fin. Insts.,* No. 3:22-cv-5991,
    2023 WL 6389748 (W.D. Wash. Oct. 2, 2023) ................................. 14

*Heller v. EBB Auto Co.,* 8 F.3d 1433 (9th Cir. 1993) ............................... 11

*Hernandez v. Commissioner,* 490 U.S. 680 (1989) ................................... 12

*Kather v. Asante Health Sys.,* No. 1:22-cv-1842,
    2023 WL 4865533 (D. Or. July 18, 2023) ........................................ 14

*Keene v. City of S.F.,* No. 22-16567,
    2023 WL 3451687 (9th Cir. May 15, 2023)................................ 17-18

*Lopez v. Smith,* 203 F.3d 1122 (9th Cir. 2000) (en banc) .......................... 9

*Ringhofer v. Mayo Clinic, Ambulance,*
    102 F.4th 894 (8th Cir. 2024)........................................................ 13

*Sturgill v. American Red Cross,* 114 F.4th 803 (6th Cir. 2024)........13, 15

**CASES (continued):**                                                **PAGE**

*Thomas v. Review Bd. of Ind. Emp. Sec. Div.*,
    450 U.S. 707 (1981)............................................................. 12

*United States v. Seeger*, 380 U.S. 163 (1965)........................... 12

*Welsh v. United States*, 398 U.S. 333 (1970).......................... 11

**STATUTES:**

Americans with Disabilities Act of 1990
    42 U.S.C. 12101 *et seq.* ................................................. 6

Rehabilitation Act of 1973
    29 U.S.C. 794 ................................................................ 6

Title VII of the Civil Rights Act of 1964
    42 U.S.C. 2000e *et seq.*................................................. 2
    42 U.S.C. 2000e(j)........................................................ 3-4
    42 U.S.C. 2000e-2(a) .................................................... 10
    42 U.S.C. 2000e-2(a)(1)................................................ 2-4
    42 U.S.C. 2000e-5(a) .................................................... 2
    42 U.S.C. 2000e-5(f)(1)................................................ 2

**REGULATION:**

Exec. Order No. 14,291,
    *Establishment of the Religious Liberty Commission*,
    90 Fed. Reg. 19,417 (May 1, 2025) ................................. 2

**RULE:**

Fed. R. App. P. 29(a)(2) ...................................................... 2

**MISCELLANEOUS:**           **PAGE**

*COVID-19 Vaccine: Addressing Concerns*, UCLA Health,
    https://www.uclahealth.org/treatment-options/
    covid-19-info/covid-19-vaccine-addressing-concerns
    [https://perma.cc/K9JQ-VY3X] (last visited June 20, 2025)..........18

EEOC, EEOC-CVG-2021-3, *Section 12: Religious Discrimination*,
    § 12-I-a.2 (Jan. 15, 2021), https://www.eeoc.gov/laws/
    guidance/section-12-religious-discrimination
    [https://perma.cc/6YBA-JZSF] ..........................................................16

EEOC, *What You Should Know About COVID-19 and the ADA,
    the Rehabilitation Act, and Other EEO Laws*,
    § L.2 (May 15, 2023), https://www.eeoc.gov/wysk/what-you-
    should-know-about-covid-19-and-ada-rehabilitation-act-
    and-other-eeo-laws#L [https://perma.cc/R67U-5ZMX]...................15

## INTRODUCTION

Nicholas Rolovich had sincere religious reasons for refusing to take the COVID-19 vaccine. The district court erred by holding otherwise. First, the court improperly overlooked abundant record evidence explaining Rolovich's religious convictions for declining to accept the vaccine. Second, the court erroneously discounted those convictions on the ground that Rolovich also has expressed secular objections to receiving the vaccine. But it is well established that employees do not lose the right to assert a valid Title VII religious accommodation claim merely because they have *both* religious and secular reasons for seeking accommodation.

For these reasons, and those stated below, this Court should reverse the district court's conclusion that Rolovich failed to provide evidence based on which a reasonable fact finder could conclude that he can prove a prima facie Title VII religious accommodation claim.

## INTEREST OF THE UNITED STATES

The United States has a direct and substantial interest in the proper interpretation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* The Attorney General and the Equal Employment Opportunity Commission (EEOC) share enforcement responsibility under Title VII.[1] *See* 42 U.S.C. 2000e-5(a) and (f)(1). This case presents the important question of how a court should evaluate the sincerity of a request for a religious accommodation under Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1). The United States files this brief as of right under Federal Rule of Appellate Procedure 29(a)(2).

---

[1] The United States also has an interest in furthering the policies and concerns expressed in the President's Executive Order No. 14,291, *Establishment of the Religious Liberty Commission*, wherein it states that "[i]t shall be the policy of the executive branch to vigorously enforce the historic and robust protections for religious liberty enshrined in Federal law." 90 Fed. Reg. 19,417 (May 1, 2025).

## STATEMENT OF THE ISSUE

Section 703(a)(1) of Title VII prohibits an employer from discriminating against an employee with respect to the "terms, conditions, or privileges of employment" because of the employee's religious observance or practice, unless the employer shows that it cannot reasonably accommodate the employee's religious observance or practice without an undue hardship. 42 U.S.C. 2000e-2(a)(1), 2000e(j). The United States addresses the following question:

Whether the district court erred in holding that a jury could not reasonably conclude that the plaintiff identified a religious basis for his objection to his employer's COVID-19 vaccine mandate, where the summary-judgment record contained ample evidence that the plaintiff held both a secular *and* a religious motivation for requesting an exemption from that mandate.

## STATEMENT OF THE CASE

### A.   Statutory Background

Section 703(a)(1) of Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. 2000e-2(a)(1). Title VII defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. 2000e(j).

## B. Factual Background

This case concerns the religious beliefs of an employee of Washington State University (WSU) and the proper analysis a court should apply to those beliefs on a motion for summary judgment.

On January 14, 2020, WSU hired Nicholas Rolovich to be its head football coach. 2-ER-55. Soon after his tenure began, the COVID-19 pandemic arrived at our shores, and on February 29, 2020, Governor Jay Inslee declared a State of Emergency for Washington. 2-ER-59. WSU operated remotely that spring and fall (2-ER-60), but Rolovich continued to recruit new players for the university's football team (2-ER-204) and coached four games in the 2020 season (2-ER-64-65).

- 4 -

In May 2021, WSU Athletics Director Pat Chun insisted in a meeting that Rolovich get "vaccinated for [the] team," given "the power of [his] position." 4-ER-781. During this time, Rolovich expressed concerns about the vaccine both publicly and privately that stemmed from his understanding of the medicine, science, and politics behind them. 2-ER-74-77. Also during this time in July 2021, he befriended Father Paul Heric, a Catholic priest and the Chaplain of the St. Thomas More Catholic Student Center at WSU. 6-ER-1159. Rolovich credits Fr. Paul with helping him to "reconnect with the Catholic faith of [his] youth and grow closer to God." 6-ER-1160.

On June 30, 2021, Governor Inslee issued Proclamation 20-12.3, requiring universities to mandate vaccines for students, staff, and faculty, "subject to any medical exemptions required by law and any religious or philosophical exemptions." 3-ER-413. WSU issued a policy requiring employees to be vaccinated by August 23, 2021, but exempting employees who had "a 'non-medical (religious or philosophical/personal) reason' for declining" vaccination. 3-ER-413. On August 5, 2021, shortly before the deadline for WSU's employee vaccine mandate, Rolovich claimed the "non-medical" exemption through the required process,

- 5 -

checking the "religious or philosophical/personal" reason box in WSU's online human-resources platform. 3-ER-413-414.

On August 20, 2021, the State issued a new mandate, Proclamation 21-14.1, that prevented WSU from employing anyone after October 18, 2021, who was not fully vaccinated unless the employee qualified for a religious exemption under Title VII or a medical exemption under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.*, or the Rehabilitation Act of 1973, 29 U.S.C. 794. 3-ER-549-561; 2-ER-96-97. At an August 19, 2021, meeting with WSU leadership, Rolovich disclosed that he planned to seek a religious exemption. 2-ER-250; 4-ER-783-784.

WSU then initiated a two-step review process for evaluating Rolovich's exemption requests. 3-ER-417. Rolovich submitted his exemption request to WSU's human resources department (HRS) on October 4, 2021, attaching a detailed letter explaining how his "sincerely held religious beliefs prohibit[ed] [him] from accepting the vaccine, and why [he] [was] compelled to do so by the teachings of the Roman Catholic Church." 6-ER-1089-1092. As the letter further explained, Rolovich's "conscience ha[d] come to [a] sure judgment" that accepting the vaccine would make him "complicit in . . . abortion[]." 6-ER-1092. Rolovich

expounded upon this view during his deposition, stating that aborted fetal tissue had been used in the development of certain vaccines and "many other medications." 4-ER-788. He went on to explain that:

> I believe the whole time God had provided discernment to me in a lot of the areas we just spoke about [concerning vaccines] and in the weighing of pros and cons, it was when [Father Paul Heric] told me ["]this is just your reconnection to your Catholic faith and that's been God speaking to you this whole time,["] that cleared all confusion up in my head.

4-ER-788.

HRS initially determined the letter "support[ed] the accommodation request based on a sincerely held religious belief" and considered the request "approv[ed]" subject to the undue-hardship determination. 5-ER-1024; *accord* 5-ER-1009. But senior leadership at WSU vetoed HRS's determination, telling HRS that because Rolovich voiced the religious nature of his views only after the State's new mandate his religious beliefs could not be sincere. 5-ER-1022-1023. HRS subsequently denied Rolovich's request on October 18, 2021, because the "University questions the assertion that [Rolovich's] sincerely held religious views conflict with the University's vaccine requirement." 5-ER-1004. On October 18, 2021, Chun informed Rolovich of his intent to terminate Rolovich's employment with "just cause," stating Rolovich had

"put[] the University and the Football program in a negative national spotlight." 5-ER-910, 912.

## C.    Procedural Background

Rolovich sued WSU under Title VII as well as several other causes of action.  As relevant here, Rolovich's complaint stated that he is a practicing Catholic and his "study of the Bible, personal prayer, . . . advice from a Catholic priest, and the teachings of the Church . . . precluded him from receiving any available COVID-19 vaccine."  1-ER-20-21 (alterations in original; citation omitted).  Initially, WSU filed a motion to dismiss but did not challenge the sincerity of plaintiff's beliefs in that pleading.  1-ER-20.  Nevertheless, the district court found that the "claim that [Rolovich's] Catholic faith informed his decision not to receive the COVID-19 vaccine is sufficient at the pleading stage to meet the prima facie element that he has a bona fide religious belief."  1-ER-21.  Ultimately, the court denied the motion to dismiss as to Rolovich's Title VII claims.  1-ER-23.

After substantial discovery, the parties filed cross motions for summary judgment in late 2024, and the district court granted summary judgment to WSU, disposing of the entire case in an eight-page order.  1-

ER-5. The court held that Rolovich cannot prove a prima facie Title VII religious accommodation claim because "the record does not support [his] claim of religious objection to the vaccination." 1-ER-9. The court arrived at that conclusion by noting that Rolovich "frequently expressed secular concerns about the COVID-19 vaccine to friends, family members[,] and coworkers," and by stating—with no acknowledgement of the evidence discussed above—that "[i]n the thousands of pages of discovery, [p]laintiff does not invoke a religious objection to the vaccine." 1-ER-9. The court also concluded that even if the record could be viewed as supporting a prima facie Title VII religious accommodation claim, Rolovich's claim would still fail because that WSU offered "unrebutted" evidence that accommodating Rolovich "would cause undue hardship." 1-ER-11-12.

## STANDARD OF REVIEW

The Ninth Circuit reviews a grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Viewing the evidence in the light most favorable to the nonmoving party, the Court must determine whether there are any genuine issues of material fact. *Ibid.*

# ARGUMENT

I.   **The district court erred in holding that the record fails to include evidence based on which a reasonable fact finder could conclude that Rolovich had a sincere religious basis for seeking a religious exemption.**

A material issue of fact exists in this case regarding whether Rolovich has identified a sincere religious belief in requesting an exemption from the COVID-19 vaccine. The district court wrongly resolved that dispute by categorically holding that a plaintiff cannot pursue a Title VII religious accommodation claim where he has both religious and secular reasons for seeking an accommodation, and in doing so ignored extensive evidence of Rolovich's religious objection to WSU's vaccine mandate.[2]

1. Title VII provides in relevant part that: "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. 2000e-2(a). Courts analyze

---

[2] The United States only addresses the Title VII requirements of establishing a bona fide religious belief and takes no position on whether Rolovich's exemption request imposed an undue burden on WSU.

failure-to-accommodate claims under a "burden-shifting framework" under which the employee must first "plead a prima facie case of failure to accommodate religion" and then the employer bears the burden to show "that it was nonetheless justified in not accommodating the employee's religious beliefs or practices." *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). To establish a prima facie case of failure to accommodate, the plaintiff must show that: (1) a bona fide religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to comply with the employment policy. *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

Here, the government addresses only the first element of plaintiff's prima facie case, under which a plaintiff must demonstrate a bona fide religious belief that is sincerely held and conflicts with the requirement at issue. *Welsh v. United States*, 398 U.S. 333, 339 (1970) ("In resolving the question whether Seeger and the other registrants in that case qualified for the exemption, the Court stated that '[the] task is to decide

- 11 -

whether the beliefs professed by a registrant are sincerely held and whether they are, in his own scheme of things, religious.'" (alteration in original) (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965))). That inquiry focuses on whether plaintiffs' objection "reflects 'an honest conviction'" that conflicts with the requirement. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (citation omitted). Courts "do not interrogate the reasonableness of [the plaintiff's] beliefs." *Bolden-Hardge*, 63 F.4th at 1223; *see also Hernandez v. Commissioner*, 490 U.S. 680, 699 (1989) ("It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds."); *Thomas v. Review Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981) ("[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.").

2. The district court in this case short-circuited the inquiry as to whether Rolovich held a bona fide religious belief that was sincere and conflicted with the University's COVID-19 vaccine mandate. The court appeared to hold that, as a matter of law, Rolovich could not establish that element because he "frequently expressed secular concerns about

the COVID-19 vaccine to friends, family members and coworkers." 1-ER-9.

The district court's holding is at odds settled law. This Court has already made clear that the "coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one." *Callahan v. Woods*, 658 F.2d 679 (9th Cir. 1981). Other circuits have recognized the same principle. The Sixth Circuit, for example, recently applied the same well-settled rule in a case that involved a request for a religious exemption from the COVID-19 vaccine. *See Sturgill v. American Red Cross*, 114 F.4th 803, 810 (6th Cir. 2024). As the Sixth Circuit confirmed, "that there may be both religious and secular reasons for an act does not elevate the latter over the former." *Ibid.* And the Eighth Circuit has likewise recognized this principle. *See Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 901 (8th Cir. 2024).

Thus, while a plaintiff's prior statements can be probative on the issue of sincerity, they do not automatically outweigh concurrent statements of religious belief. *Bazinet v. Beth Isr. Lahey Health, Inc.*, 113 F.4th 9, 17 (1st Cir. 2024) (holding that prior expressions of secular concern did not defeat sincerity at the pleadings stage); *DeVore v.*

*University of Ky. Bd. of Trs.*, 118 F.4th 839, 847 (6th Cir. 2024) (rejecting plaintiff's asserted religious objections to COVID-19 testing on the facts presented), *cert. denied*, No. 24-931, 2025 WL 1020384 (U.S. Apr. 7, 2025).

The court's inquiry into sincerity centers on whether plaintiff holds an "honest conviction," rather than any assessment of the reasonableness of the asserted beliefs. *See Burwell*, 573 U.S. at 725 (citation omitted); *Kather v. Asante Health Sys.*, No. 1:22-cv-1842, 2023 WL 4865533, at *2 (D. Or. July 18, 2023) (declining to question the legitimacy of a plaintiff's belief that "low energy constituents in the COVID-19 vaccine would lower the vibrations of her Spirit being, which is opposite to her purpose in life to raise the vibrations of planet [E]arth" (citation modified)); *Fisher v. Department of Fin. Insts.*, No. 3:22-cv-5991, 2023 WL 6389748 at *2 (W.D. Wash. Oct. 2, 2023) (declining to question the legitimacy of a plaintiff's belief that "her body is the craftsmanship of her Creator which her Creator has granted her sole possession, prop[r]ietorship, and use of" (citation modified)).

EEOC Guidance, issued to help employers comply with Title VII in responding to requests for religious exemptions from the COVID-19

vaccine, adopts the same principles. *See Sturgill*, 114 F.4th at 810. That Guidance notes that an overlap between religious and secular reasons for objecting to the COVID-19 vaccine does not disqualify a person from seeking a religious exemption from having to receive the vaccine, *i.e.*, that they can overlap:

> Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII. *However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections*, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching.

EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, § L.2 (May 15, 2023) (emphasis added), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L [https://perma.cc/R67U-5ZMX].

The EEOC's Guidance regarding religious discrimination likewise concludes that an individual's sincerity in espousing a religious observance or practice is "largely a matter of individual credibility,"

which can turn on numerous factors. EEOC, EEOC-CVG-2021-3, *Section 12: Religious Discrimination*, § 12-I-a.2 (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination [https://perma.cc/6YBA-JZSF]. The Guidance explains that while evidence tending to show that an employee acted in a manner inconsistent with his professed religious beliefs is "relevant to the fact finder's evaluation of sincerity," "a religious believer doesn't forfeit his religious rights merely because he is not scrupulous in his observance." *Ibid.*

As the EEOC Guidance explains, the sincerity inquiry is inherently fact-specific and requires a careful evaluation of all the relevant circumstances. *See* EEOC, EEOC-CVG-2021-3, *Section 12: Religious Discrimination*, § 12-I-a.2 (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination [https://perma.cc/6YBA-JZSF]. The district court's erroneous assumption that secular motivations preclude a claimant from asserting a valid Title VII religious accommodation claim where the individual also has sincere religious motivations short-circuited the proper analysis and thus should be corrected.

- 16 -

3. The record in this case makes the district court's error clear. Despite the district court's broad assertion otherwise, the record contains ample evidence on which a reasonable fact finder could conclude that Rolovich has a sincere religious objection to receiving the COVID-19 vaccine. For example, the religious exemption form Rolovich submitted to WSU explained that, as a "baptized Catholic," he is "compelled" to decline COVID-19 vaccination "by the teachings of the Roman Catholic Church." 6-ER-1092. As the form explained, Rolovich "believe[s] that abortion is the taking of innocent human life" and that the Roman Catholic Church teaches that [he is] required to refuse a medical intervention, including a vaccination, when [his] conscience has come to [a] sure judgment that, as in this case, accepting the vaccine will make me complicit in the abortions that produced the human cell lines from which currently available vaccines are ultimately derived. 6-ER-1092.

This Court's decision in *Keene v. City of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023), is instructive. There, this Court held that a district court erred by rejecting the sincerity of similar religious objections to the COVID-19 vaccine. The plaintiffs in that case attested that they were Christians who "believe[d] in the

- 17 -

sanctity of life" and that COVID-19 vaccine manufacturers used "[f]etal cell lines . . . grown in a laboratory . . . [that] started with cells from elective abortions that occurred several decades ago" to at least test vaccine efficacy. *Id.* at *2 (second, third, fourth, and fifth alterations added). This Court held that the "district court erroneously concluded that '[n]either Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the COVID-19 vaccine.'" *Ibid.* The Court specifically noted that "the record reflect[ed] that the COVID-19 vaccines are, albeit remotely, 'derived' from aborted fetal cell lines." *Ibid.* (citing *COVID-19 Vaccine: Addressing Concerns*, UCLA Health, https://www.uclahealth.org/treatment-options/covid-19-info/covid-19-vaccine-addressing-concerns [https://perma.cc/K9JQ-VY3X] (last visited June 20, 2025)). The district court here similarly erred by ignoring Rolovich's fetal-cell tissue concerns and objections.

The district court also failed to address numerous other record material that a reasonable fact finder could conclude bolster Rolovich's claim of a sincere religious objection to the vaccine. That evidence includes multiple exhibits supporting Rolovich's religious objection, including communications of support from his priest and bishop (6-ER-

1113-1115, 1118, 1095), Rolovich's deposition (4-ER-788), and a declaration in which Rolovich laid out how he came to a sincere religious belief regarding vaccination (2-ER-203-213). Rolovich also provided a letter of support from his former priest, Bishop Thomas A. Daly of the Catholic Diocese of Spokane, who stated that he "believe[d] Nick Rolovich is a man of faith who sincerely tries to live his life in a manner that seeks God's will." 6-ER-1095.

\*   \*   \*

In sum, the burden Rolovich carried at summary judgment under Title VII was to establish a prima facie case that he had a bona fide religious belief that conflicted with an employment duty. Rolovich did that through his exemption-request form and voluminous associated evidence where he asserted, and demonstrated evidence of, a sincere religious belief. That evidence attested to his sincere Catholic beliefs and articulated the conflict between that belief system and his objection to taking the vaccine. With that evidence in the summary-judgment record, the district court's "'narrow function . . . [wa]s to determine' whether the line drawn reflect[ed] 'an honest conviction.'" *Burwell*, 573 U.S. at 725 (first alteration in original; citation omitted).

- 19 -

Instead, the district court summarily and improperly second-guessed the sincerity of Rolovich's religious beliefs by focusing only on his secular reasons for not taking the vaccine. These errors require reversing the district court's conclusion that Rolovich failed to provide evidence based on which a reasonable fact finder could conclude that he can prove a prima facie Title VII religious accommodation claim.

## CONCLUSION

This Court should reverse the district court's ruling that the record fails to support a prima facie case for Rolovich's Title VII religious accommodation claim.

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Deputy Assistant Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
  Acting Chief
  Appellate Section
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 25-761

I am the attorney or self-represented party.

**This brief contains** 3,602 **words,** including 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◉ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [          ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Andrew G. Braniff  **Date** June 20, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/22*