

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @becketfund
www.becketfund.org

October 9, 2025

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:** ***Rolovich v. Washington State University*, No. 25-761**
**Response to Defendants' FRAP 28(j) letter re: *Detwiler v.***
***Mid-Columbia Medical Center*, __ F.4th __, 2025 WL 2700000**
**(9th Cir. Sept. 23, 2025)**

Dear Ms. Dwyer:

Far from supporting WSU, *Detwiler* confirms that Rolovich demonstrated a religious objection to the COVID-19 vaccine.

*Detwiler* approved as religious just the objection Rolovich makes here: he invoked "a specific religious belief in opposition to receiving the vaccination—[his] opposition to the use of fetal cells used in developing the available vaccines—and identified the religious basis for [his] objection to vaccination as [his Catholic] faith's opposition to abortion." *Detwiler*, 2025 WL 2700000, at *8 n.2; 6-ER-1092.

*Detwiler* also approved the form of Rolovich's other objection, that the vaccine violates the principle of therapeutic proportionality. *See* 6-ER-1092. *Detwiler* requires a plaintiff to plead "a sufficient nexus between [his] religion and the specific belief in conflict with the work requirement." *Detwiler*, 2025 WL 2700000, at *6. While a plaintiff need not "establish [his] belief is consistent, widely held, or even rational," he

1



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

must "connect the requested exemption with a truly religious principle." *Id.*

Here, Rolovich did just that. He did not rest on "[i]nvo[king] ... broad, religious tenets" to "convert a secular preference into a religious conviction." *Id.* Instead, as the summary-judgment record demonstrates, he connected his objection with a specific, conflicting religious belief: the Catholic Church's "teachings concerning therapeutic proportionality" and "conscience," which required him to assess the "spiritual, psychological, and bodily" effects of the vaccine and—having arrived at a "certain judgment of ... conscience" that he "must not receive" it—to decline it. 6-ER-1092–93 (citing Church documents). So Rolovich has demonstrated the "nexus" between his religious beliefs and his objection and accommodation request—which suffices under *Detwiler. See* 2025 WL 2700000, at *6, *11.

A divided panel decided *Detwiler*, and the majority's opinion could be critiqued as taking a stricter view of what counts as religious than that dictated by Title VII's text and the rules of five other Circuits. *See Detwiler*, 2025 WL 2700000, at *14, *16 (VanDyke, J., dissenting); *see also Detwiler*, No. 23-3710 (9th Cir. Sep. 25, 2025), ECF 70 (plaintiff seeking rehearing). That even *Detwiler* supports Rolovich, then, confirms the straightforward conclusion here: Rolovich asserted a religious objection to receiving the vaccine.



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Word Count: 349

Respectfully submitted,

/s/ *Joseph C. Davis*

Eric N. Kniffin
Kniffin Law, PLLC
102 S. Tejon St., Suite 1100
Colorado Springs, CO 80903

Eric J. Seese
Frost Brown Todd LLP
1801 California St., Ste. 2700
Denver, CO 80202

Joseph C. Davis
  *Counsel of Record*
Luke W. Goodrich
Angela Wu Howard
Timothy Kowalczyk
The Becket Fund
  for Religious Liberty
1919 Pennsylvania Ave. NW,
  Suite 400
Washington, D.C. 20006
jdavis@becketfund.org

*Counsel for Appellant Nicholas Rolovich*

cc: All counsel of record (by ECF notification)