

T 206.245.1700
401 Union Street, Suite 1600
Seattle, WA 98101-2668
pacificalawgroup.com

Zachary J. Pekelis
zach.pekelis@pacificalawgroup.com

March 4, 2026

**VIA CM/ECF Electronic Filing System**

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Appellant's FRAP 28(j) letter
*Rolovich v. Washington State University*, Case No. 25-761

Dear Ms. Dwyer:

Contrary to Appellant Nicholas Rolovich's FRAP 28(j) letter, *Harris v. Muhammad*, 165 F.4th 1345 (9th Cir. 2026), provides no basis to reverse.

The grounds to distinguish *Harris* from this case are numerous and substantial. Its posture is different: an appeal of a preliminary injunction denial, rather than of summary judgment on a fully developed record. *Id.* at 1348. Its statutory framework is different: the plaintiff is a prisoner bringing a claim under RLUIPA, not Title VII, and the court analyzed specific statutory provisions of RLUIPA. *Id.* at 1349–51. Its plaintiff is differently situated: a pro se prisoner, rather than a college football coach represented by a large team of lawyers. *Id.* at 1350

Clerk of Court
March 4, 2026
Page 2

(explaining importance of liberally construing "inartful pleadings of pro se litigants" in civil rights cases) (cleaned up).

But perhaps most importantly, unlike the case at hand, the *Harris* district court did not evaluate the *sincerity* of the plaintiff's asserted belief. The panel explained that the "district court erred by considering [the plaintiff's] backslides as part of a centrality inquiry." *Id.* at 1352. Accordingly, the panel faulted the district court for questioning the *centrality* of the asserted religious belief and remanded for the district court to assess sincerity. *Id.* at 1353 (explaining that "the district court should consider that issue [of sincerity] in the first instance"). *Harris*, then, affirms the propriety of courts examining the sincerity of a belief. *Id.* ("[S]incerity is a permissible inquiry for courts to make; centrality is not.").

In this case, the District Court determined that, based on the lopsided summary judgment record, no reasonable jury would find Rolovich's asserted religious objection to vaccination *sincere*: "the record does not support Plaintiff's claim of religious objection to the vaccination." 1-ER-9 (explaining that Rolovich "frequently expressed secular concerns about the COVID-19 vaccine" but that, "[i]n the thousands of pages of discovery, Plaintiff does not invoke a religious objection to the vaccine"). That conclusion was correct. *See* Ans. Br. at 46–49. Because the

District Court did not opine on the "centrality" of Rolovich's vaccine objection to his belief system, *Harris* is inapt.

*I certify that a copy of the foregoing was served on Appellants via counsel by filing the document on March 4, 2026 in the Court's PACER/ECF system, and that it contains 350 words.*

DATED this 4th day of March, 2026.

PACIFICA LAW GROUP LLP

By: <u>s/ Zachary J. Pekelis</u>
Zachary J. Pekelis, WSBA No. 44557
Erica Coray, WSBA No. 61987
W. Scott Ferron, WSBA No. 61154

401 Union Street, Suite 1600
Seattle, WA 98101
(206) 245-1700
Zach.pekelis@pacificalawgroup.com
Erica.Coray@pacificalawgroup.com
Scott.Ferron@pacificalawgroup.com

Special Assistant Attorneys General
Attorneys for Appellees Washington State University and Patrick Chun