

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

May 29, 2026

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:** ***Rolovich v. Washington State University***, **No. 25-761, Response to Defendants' Rule 28(j) letter re:** ***Williams v. Legacy Health***, **174 F.4th 1201 (9th Cir. 2026).**

Dear Ms. Dwyer:

The undue-hardship affirmance in *Williams*—like the previous healthcare cases WSU already relied on heavily in its answering brief, *see* Reply.Br.9-10 (citing Ans.Br.22)—is inapposite.

*Williams* involved employees at a hospital whose "business" was providing "medical care" to sick people, including COVID patients. *Williams v. Legacy Health*, 174 F.4th 1201, 1206 (9th Cir. 2026). The employees thus faced a "unique risk of infection" if they remained unvaccinated. *Id.* at 1206. And if infected, they would endanger both the hospital's "patient population, many of whom had ... comorbidities," and

1



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

the hospital's ability to keep up with the anticipated "surge of [COVID] hospitalizations." *Id.*

None of this has anything to do with a football coach whose primary duty was coaching young, healthy student-athletes at an overwhelmingly vaccinated university. Reply.Br.10-11. *Groff* requires a "context-specific" undue-hardship analysis, which "takes into account all relevant factors in the case at hand" and is applied in a "practical" and "common-sense" manner." *Groff v. DeJoy*, 600 U.S. 447, 470-71, 473 (2023). *Williams* recognized this—thus rejecting the employees' invocations of cases "regarding other types of businesses" because "we must conduct the hardship inquiry 'in light of the nature' of the employer" hospital. 174 F.4th at 1207 (quoting *Groff*). The Court should recognize it here, too— thus rejecting WSU's effort to invoke healthcare cases to take undue- hardship away from the jury here.

For its part, WSU concedes "many" of the employees in its undue- hardship cases "were healthcare workers," but says "others were not."



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Dkt.83.1 at 2-3. But none of its citations are binding and all are distinct. *Cf.* Reply.Br.10, 15 (addressing *Rodrique* and *Bordeaux*).

Likewise, neither *Williams* nor any of WSU's other cases address the independent and equally important ground for Title VII reversal here: Rolovich's disparate-treatment claim. The record on that claim provides more than enough evidence for a reasonable jury to conclude that WSU's decision—far from being merely a neutral application of undue-hardship considerations—arose at least in part from disapproval of Rolovich's religious beliefs and anger at his asserting them. *See* Br.45-49; Reply.Br.19-27. That disparate-treatment claim, like the failure-to-accommodate claim, should go to a jury.

Word Count: 350

Respectfully submitted,

/s/ *Joseph C. Davis*

JOSEPH C. DAVIS
    *Counsel of Record*
LUKE W. GOODRICH
ANGELA WU HOWARD
TIMOTHY KOWALCZYK
THE BECKET FUND

3



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW,
  Suite 400
Washington, D.C. 20006
jdavis@becketfund.org

*Counsel for Appellant Nicholas Rolovich*

cc: All counsel of record (by ECF notification)