

**BECKET**

*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

June 2, 2026

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:  *Rolovich v. Washington State University*, No. 25-761**
**Rule 28(j) letter re: *Ahmann v. Wash. State Dep't of Transp.*,**
**No. 25-2335 (9th Cir. May 29, 2026) (attached as Exhibit 1).**

Dear Ms. Dwyer:

This Court's May 29 decision in *Ahmann* further undermines WSU's meritless theory that Rolovich didn't sufficiently assert a religious conflict with vaccination. Ans.Br.50; *cf.* Reply.Br.3-8.

In *Ahmann*, the plaintiff was fired after WSDOT rejected his request for a religious exemption from COVID-19 vaccination. Judge Rice granted summary judgment to defendants on the ground that the plaintiff's exemption request did not provide "a sufficient explanation of why [vaccination] directly conflicts with his religious values." *Ahmann v. Wash. State Dep't of Transp.*, No. 2:23-cv-140, 2025 WL 790631, at *4

1



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

(E.D. Wash. Mar. 12, 2025). Judge Rice reasoned that while the plaintiff's request called "the 'use of baby parts'" in vaccine development "evil," it "ma[de] no mention of what sincere religious belief he holds that forms the basis for his objections." *Id.*

But this Court reversed and ruled for the employee. As the Court explained: "We have recognized that this type of abortion-based objection to vaccination is a 'specific religious belief' sufficient to form the basis for a denial-of-accommodation claim." Ex.1 at 4-5 (quoting *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 896 n.2 (9th Cir. 2025)). And the employee's statements on his exemption-request form "were enough to put WSDOT on notice that Ahmann was raising" such an objection—*i.e.*, "an objection to the COVID-19 vaccine based on religious opposition to abortion and fetal cell line research." *Id.* at 3-4.

Rolovich likewise asserted precisely such an abortion-based objection in his exemption request. 6-ER-1092; 2-ER-210. This squarely undercuts both Judge Rice's claim here that "[i]n the thousands of pages of discovery, Plaintiff does not invoke a religious objection to the vaccine,"

2



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

1-ER-9, and WSU's misguided reliance on *Detwiler*—which, as *Ahmann* explains, approves this exact type of objection. *See also* Dkt.65.1.

Indeed, this case is simpler than *Ahmann*. Rolovich *did* identify "the particular faith underlying his religious beliefs," Ex.1 at 5: his "Catholic" faith, which teaches that "abortion is the taking of innocent human life" and that he must "refuse a medical intervention" when, "as in this case," accepting it would make him "complicit in" abortion. 6-ER-1092.

*Ahmann* further supports reversal.

Word Count: 347

Respectfully submitted,

/s/ *Joseph C. Davis*

| | |
|---|---|
| ERIC N. KNIFFIN | JOSEPH C. DAVIS |
| KNIFFIN LAW, PLLC |   *Counsel of Record* |
| 102 S. Tejon St. | LUKE W. GOODRICH |
|   Suite 1100 | ANGELA WU HOWARD |
| Colorado Springs, CO 80903 | TIMOTHY KOWALCZYK |
| (719) 212-4391 | THE BECKET FUND |
| eric@kniffin.law |   FOR RELIGIOUS LIBERTY |
| | 1919 Pennsylvania Ave. NW, |
| |   Suite 400 |
| | Washington, D.C. 20006 |
| | (202) 955-0095 |
| | jdavis@becketfund.org |

*Counsel for Appellant Nicholas Rolovich*



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

cc: All counsel of record (by ECF notification)