PACIFICA
LAW GROUP

T 206.245.1700
401 Union Street, Suite 1600
Seattle, WA 98101-2668
pacificalawgroup.com

Zachary J. Pekelis
zach.pekelis@pacificalawgroup.com

June 4, 2026

**VIA CM/ECF Electronic Filing System**

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Appellee Washington State University's Response to Appellant Nicholas Rolovich's FRAP 28(j) letter of June 2, 2026, DktEntry ##86-1, 86-2
*Rolovich v. Washington State University, et al.*, Case No. 25-761
Oral Argument: June 10, 2026 (Seattle)

Dear Ms. Dwyer:

Rolovich's reliance on *Ahmann v. Washington Department of Transportation*, No. 25-2335 (9th Cir. May 29, 2026) (unpublished), is misplaced. *Ahmann* "concern[ed] the second element of the [failure-to-accommodate-religion] prima facie showing: whether the plaintiff provided adequate notice to his employer" of a religious conflict with COVID-19 vaccination. Slip Op. 3. Accordingly, the Court considered Ahmann's exemption request only, not whether the whole record supported the *first* element, i.e., that he *actually held* a sincere religious belief against vaccination.

Notice is not at issue here. And, for three reasons, Rolovich's exemption request *by itself* is insufficient to show he sincerely opposed vaccination based on a religious objection to abortion: First, the exemption request—which was not sworn under penalty of perjury, 6-ER1091—was undisputedly based on an online template found by Rolovich's agent, revised by his lawyer, and never personally edited by Rolovich himself. 2-ER-124–29. Second, it is undisputed that, in the thousands of pages of discovery produced by Rolovich, he never invoked an abortion-based (or any other) religious objection to vaccination before August 17, 2021 (the day after he learned of the Proclamation). 2-ER-78; 2-ER-123. Third, Rolovich's under-oath *testimony* did not assert any religious objection to abortion: his deposition testimony obliquely referenced fetal cells but without articulating an objection to abortion, much less a religious one. *See* 4-ER-788. And when then asked point-blank "what went into [his] realization that [his] conscience prevented him from taking the COVID vaccines," Rolovich did not mention abortion or fetal cells. *Id.* Nor did either of his two declarations mention abortion or fetal cells. *See* 2-ER-203–10; 6-ER-1159–61.

Instead, Rolovich invoked a generalized objection: his "religious obligation as a Catholic to follow my conscience and decline to take a COVID vaccination." 6-

ER-1161. While a jury might find that "follow-my-conscience" belief sincere, such "broad, religious tenets cannot, on their own, convert a secular preference into a religious conviction." *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 895 (9th Cir. 2025); Ans.Br. 49–50.

Finally, this Court need not even reach Rolovich's prima facie case because WSU's undue hardship defense provides an independent ground for affirmance.

*I certify that a copy of the foregoing was served on Appellants via counsel by filing the document on June 4, 2026 in the Court's PACER/ECF system, and that it contains 350 words.*

DATED this 4th day of June, 2026.

PACIFICA LAW GROUP LLP

By: *s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA No. 44557
Erica Coray, WSBA No. 61987
W. Scott Ferron, WSBA No. 61154

401 Union Street, Suite 1600
Seattle, WA 98101
(206) 245-1700
Zach.Pekelis@pacificalawgroup.com
Erica.Coray@pacificalawgroup.com
Scott.Ferron@pacificalawgroup.com

Special Assistant Attorneys General
Attorneys for Appellee Washington
State University