BECKET
Religious Liberty for All

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @becketfund
www.becketfund.org

October 5, 2026

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re: *Rolovich v. Washington State University*, No. 25-761**
**Rule 28(j) letter re: *Ridings v. PeaceHealth*, No. 24-7282 (9th Cir. Sep. 24, 2026) (attached as Exhibit A).**

Dear Ms. Dwyer:

*Ridings* further confirms that Rolovich established a conflict between his religious beliefs and COVID-19 vaccination.

In *Ridings*, the plaintiff was placed on unpaid leave after objecting to COVID-19 vaccination. Op.*1. On appeal, her employer argued she had failed to plausibly plead a "bona fide religious belief that conflicts with an employment requirement," invoking—like WSU here—this Court's decision in *Detwiler v. Mid-Columbia Medical Center*, 156 F.4th 886 (9th Cir. 2025). Op.*4-5. But this Court rejected that argument and reversed the district court's dismissal. Although *Detwiler* "created a circuit split," it "did not create such a vast sea change as to sink Ridings' claims." Op.*5. Rather, "the central question remains whether an employee's

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

professed religious beliefs, taken at face value, conflict with the employer's policy." Op.*5.

"That is a low bar." *Id.* And it was "easily" met, since "Ridings' letter to PeaceHealth stated with specificity the religious nature of her objection to the COVID-19 vaccine: Her faith bars her from using products derived from fetal cells made available through abortion." Op.*6. Indeed, *Detwiler* itself "implicitly confirmed" that such abortion-related religious objections to COVID-19 vaccination state an actionable conflict. *Id.*

Rolovich already made exactly this point—that *Detwiler* "approved" abortion-related objections as establishing a religious conflict with a vaccination requirement. Dkt.65.1. Given *Ridings*, Rolovich's abortion-related objection is plainly not subject to WSU's *Detwiler* argument. Dkt.65.1; Reply.7-8.

Nor is Rolovich's other objection, the one "based on the [Catholic] Church's teachings concerning therapeutic proportionality." 6-ER-1092. *Detwiler* "merely ask[s] whether 'there is *any* nexus between religion and [the employee's] viewpoint' on the employment policy." Op.*5 (emphasis original). Rolovich's exemption request sets out that nexus in detail—explaining that "authoritative Church teachings" (a) establish the

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

doctrine of therapeutic proportionality, (b) identify what considerations it requires him to assess (the "integral good of the person, including spiritual, psychological, and bodily goods"), and (c) tell him under what circumstances he must, after assessing those considerations, decline a medical intervention (a "certain judgment of ... conscience"). 6-ER-1092-93; Dkt.65.1. That is more than a "general religious principle" and is specific enough to satisfy *Detwiler*'s "low bar." Op.*5.

Word Count: 348

Respectfully submitted,

/s/ *Joseph C. Davis*
JOSEPH C. DAVIS
*Counsel of Record*
LUKE W. GOODRICH
ANGELA WU HOWARD
THE BECKET FUND
FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW,
Suite 400
Washington, D.C. 20006
jdavis@becketfund.org

ERIC N. KNIFFIN
KNIFFIN LAW, PLLC
102 S. Tejon St., Suite 1100
Colorado Springs, CO 80903

*Counsel for Appellant Nicholas Rolovich*

cc: All counsel of record (by ECF notification)