PACIFICA
LAW GROUP

T 206.245.1700
401 Union Street, Suite 1600
Seattle, WA 98101-2668
pacificalawgroup.com

Zachary J. Pekelis
zach.pekelis@pacificalawgroup.com

October 20, 2026

**VIA CM/ECF Electronic Filing System**

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Appellees' Response to Appellant's FRAP 28(j) letter of Oct. 5, 2026, DktEntry #100 (citing *Ridings v. PeaceHealth*, --- F.4th ----, No. 24-7282, 2026 WL 2871881 (9th Cir. Oct. 5, 2026))
*Rolovich v. Wash. State Univ.*, Case No. 25-761
Argued June 10, 2026 (Seattle: Hawkins, W. Fletcher, M. Smith, Jr., JJ.)

Dear Ms. Dwyer:

*Ridings*, decided after a Rule 12(b)(6) dismissal, offers no support for Rolovich's summary-judgment appeal. In Rolovich's declarations, the only purportedly religious objection he identified was his "religious obligation as a Catholic to follow my conscience and decline to take a COVID vaccination." 1-ER-1161. In discovery, Rolovich produced thousands of communications expressing secular objections (including health concerns and conspiracy theories). Ans.Br. 46–47. Rolovich's "follow-my-conscience" objection, coupled with secular concerns, does not represent a "specific belief in conflict with the [vaccination] requirement." *See Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 895 (9th Cir. 2025); *Morae v. Nike, Inc.*, No. 25-2423, 2026 WL 2958271, at *1 (9th Cir. Oct. 1, 2026)

(affirming summary judgment where plaintiff "prayed to God, whose wisdom told her not to take the vaccine" and believed "that to disobey this directive would be sin"; "the mere '[i]nvocation of prayer, without more' is 'insufficient to elevate personal medical judgments to the level of religious significance'") (quoting *Detwiler*, 156 F.4th at 897); *Ledezma v. Optum Servs., Inc.*, No. 25-684, 2026 WL 2350452, at *1 (9th Cir. Aug. 13, 2026) (same where plaintiff's objection was "grounded in personal health preferences and a self-directed judgment about what substances are harmful"; "[i]nvoking a broad principle that sounds in religious terms . . . does not transform her personal health judgment into a religious mandate").

Regardless, this Court need not reach Rolovich's prima facie case. It can join the growing chorus of courts affirming summary judgment on undue hardship based on the unvaccinated employee's risk of spreading the virus. *See, e.g.*, Ans.Br. 22; DktEntry #83.1 at 2–3; *MacDonald v. Or. Health & Sci. Univ.*, --- F.4th ----, No. 24-4852, 2026 WL 2966688 (9th Cir. Oct. 2, 2026); *Nilsen v. Univ. of Wash.*, No. 24-7460, 2026 WL 2352904 (9th Cir. Aug. 13, 2026); *Duden v. Washington*, No. 25-724, 2026 WL 2334324 (9th Cir. Aug. 12, 2026); *Luxton v. Wash. Dep't of Vets. Aff.*, No. 25-3542, 2026 WL 1832333 (9th Cir. June 25, 2026); *Mason v. Cook Cnty.*, --- F.4th ----, No. 25-2743, 2026 WL 2902330 (7th Cir. Sept. 28, 2026).

*I certify that, on October 20, 2026, I served this document on Appellant's counsel through the Court's PACER/ECF system and that this letter contains 349 words in compliance with FRAP 28(j).*

DATED this 20th day of October, 2026.

By: *s/ Zachary J. Pekelis*

NICHOLAS W. BROWN
*Attorney General*
SPENCER W. COATES
*Assistant Attorney General*
WASHINGTON ATTORNEY GENERAL'S OFFICE
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
spencer.coates@atg.wa.gov

ZACHARY J. PEKELIS
ERICA CORAY
W. SCOTT FERRON
*Special Assistant Attorneys General*
PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
(206) 245-1700
zach.pekelis@pacificalawgroup.com
erica.coray@pacificalawgroup.com
scott.ferron@pacificalawgroup.com

*Counsel for Appellees*